# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 1:18-MJ-07 (DJS) |
| | ) |
| JASON VANBUREN | ) |
| | ) |
| Defendant | ) |

FILED
JAN 0 4 2018
AT____ O'CLOCK
Lawrence K. _____, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of May 22 through May 30, 2017 in the county of Schoharie in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2252A(a)(5)(B) | Knowingly receiving child pornography using a means and facility of interstate and foreign commerce, and in and affecting such commerce; Knowingly possessing child pornography that has been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*

FBI Special Agent David Fallon
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 4, 2018

*Judge's signature*

City and State: Albany, NY

Hon. Daniel J. Stewart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Fallon, having been first duly sworn, do hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so since May 1991. I am assigned to the Albany Division, Albany, New York. My assignments include investigating violations of federal law — specifically, violent criminal offenses against children, including those involving the sexual exploitation of children. Prior to my employment as a Special Agent, I was an attorney licensed to practice law in the State of Rhode Island.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) — that is, I am an officer of the United States who is empowered by law to conduct investigations of offenses enumerated in Title 18, United States Code, Section 2516(1). As an FBI Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, including offenses related to the sexual exploitation of minors in violation of Title 18, United States Code, Section 2252A.

3. This affidavit is made in support of an application for a criminal complaint charging Jason VanBuren ("VANBUREN") with violations of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography); and Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography).

4. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers and FBI personnel, and on my experience and training as a Special Agent of the FBI. As this affidavit is being submitted for the limited purpose of establishing probable cause for a complaint, I have not included each and every fact

1

known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to believe that VANBUREN has violated Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography); and Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography).

## DETAILS OF THE INVESTIGATION

5. In May 2017, the Cobleskill Police Department ("CPD") was contacted by Jane Doe ("DOE") who reported that she had been sexually abused by VANBUREN from approximately 2010 through February 2015, when she was 11 to 15 years-old. During her interview with CPD, DOE also stated that VANBUREN had taken photographs of her in which she appeared naked or partially clothed when she was 11 to 14 years-old. DOE believed, when she filed the report with CPD, based on statements made by VANBUREN, that VANBUREN was still in possession of those images, and that they were possibly stored on a cell phone that he possessed.

6. On May 26, 2017, based upon the information provided by DOE, CPD applied for and received a search warrant authorizing a search of VANBUREN's property, including his residence and any vehicles to which he had access on the property, for any devices, including but not limited to computers, cellphones and tablets, for evidence of violations of New York state laws prohibiting child sex abuse and promoting, or possessing material depicting, the sexual performance of a child.

7. On May 30, 2017, CPD executed the search warrant, and recovered a number of digital electronic devices, including laptop computers and cell phones. A forensic analysis of these devices found that one device, a black LG smartphone, contained images and videos of minors engaged in sexually explicit poses and/or conduct. The smartphone was recovered from a vehicle

registered to and used by VANBUREN. VANBUREN told a CPD investigator that he found the smartphone on a lawn while he was working.

8. The forensic analysis of the smartphone identified approximately 615 images and over 100 videos of minors engaged in sexually explicit poses and/or conduct. Your affiant has reviewed the images and videos. The images and videos depict minors engaged in sexually explicit poses and/or conduct. Several of the images depict sado-masochistic conduct and bestiality. The images and videos are available for the Court's review upon request. One of the videos and two of the images are briefly described as follows:

(a) A video file entitled "2009 Dad Fucks 10yo Ass-Sound.mp4" depicts an adult male's penis being inserted into the anus of a prepubescent minor of undetermined gender. This video filed was recovered from the "Download" folder on the smartphone, and had a creation date of May 22, 2017.

(b) An image file recovered from a chat session on Kik Messenger, an instant messaging mobile application, depicts an adult male performing oral sex on the vagina of an approximately 2-3 year-old female. The Kik chat session during which this image was received by the user of the smartphone was dated May 25, 2017.

(c) An image file labeled "(a) 317.jpg" depicts an approximately 3-5 year-old female with her tongue touching an adult male's penis. This image had a creation date of May 27, 2017.

9. In addition to the above-referenced images and videos, the smartphone also contained a Textnow (a mobile messaging application) conversation between DOE and a person believed by DOE to be VANBUREN. DOE retrieved a separate copy of the conversation from her own cell phone and furnished it to CPD. The conversation appeared to begin on May 22, 2017,

3

and conclude on May 27, 2017.

10. The smartphone was not manufactured in the State of New York.

## CONCLUSION

11. Based upon the above information, I believe there is probable cause to establish that VANBUREN has violated Title 18, United States Code, Section 2252A(a)(2)(A), which prohibits knowingly receiving child pornography using a means and facility of interstate and foreign commerce, and in and affecting such commerce; and Title 18, United States Code, Section 2252A(a)(5)(B), which prohibits knowingly possessing child pornography that has been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, and request that a criminal complaint and arrest warrant be issued pursuant to these violations of federal law.

_____
David Fallon, Special Agent
Federal Bureau of Investigation

Sworn to me this 4 day of January, 2018.

_____
HON. DANIEL J. STEWART
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF NEW YORK